**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 94-CR-056-TCK |
| ) | |
| SCOTT LAMAR GORDON, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On February 28, 2007, Defendant Scott Lamar Gordon filed a pleading entitled "Petition for Expungement of Record" (Dkt. # 68). Six days later, on March 6, 2007, Defendant filed a second "Petition for Expungement of the Record" (Dkt. # 70). For the reasons discussed below, the Court finds the petitions for expungement should be dismissed for lack of authority.

The record reflects that on August 22, 1994, Defendant was convicted by a jury of conspiracy (Count 1), forging an endorsement on a United States treasury check and aiding and abetting (Count 2), and uttering a false United States treasury check and aiding and abetting (Count 3). On October 21, 1994, the trial court sentenced Defendant to 9 months in custody of the Bureau of Prisons on each count, to be served concurrently, followed by 3 years of supervised. Judgment (Dkt. # 30) was entered October 25, 1994. Defendant appealed. By order entered December 27, 1995 (Dkt. # 67), the Tenth Circuit Court of Appeals dismissed the appeal on Defendant's motion.

Upon review of Defendant's petitions for expungement, the Court finds it lacks authority to enter the relief requested. In his first petition (Dkt. # 68), Defendant cites Okla. Stat. tit. 22, §§ 18, 19, as authority supporting his request. He also provides a copy of a letter, dated September 18, 2006, from Cary Pirrong, General Counsel for the Oklahoma Pardon and Parole Board, stating that

Brad Henry, Governor of Oklahoma, had granted him a pardon. Although Defendant may have a remedy under state law, a state-law claim is insufficient to invoke this Court's jurisdiction. In order for this Court to award the relief Defendant seeks, he must present a claim based on federal law. As Defendant has failed to cite any applicable federal in his first request for expungement, that request shall be dismissed for lack of authority.

In his second petition (Dkt. # 70), Defendant cites to Chapter 229 of Title 18 of the United States Code as authority for the relief he seeks. He also attaches a copy of "H.R. 623," known as the "Second Chance for Ex-Offenders Act of 2007." See Dkt. # 70, attachment. However, Federal House Bill 623 never became law. The last action taken on the bill occurred on July 27, 2007, when the sponsor made introductory remarks. Since House Bill 623 has not been enacted, it provides no authority for the Court to consider the relief requested by Defendant in his second petition.

As explained by the Tenth Circuit, the Court has no general statutory power to expunge criminal records. United States v. Pinto, 1 F.3d 1069, 1070 (10th Cir. 1993).[1] In Pinto, the Tenth Circuit stated as follows:

> any authority to order expungement must stem from the inherent equitable powers of the Court. We have stated that, in extreme circumstances, an arrest record may be expunged after dismissal of the charges or acquittal. However, there is a large difference between expunging the arrest record of a presumably innocent person, and expunging the conviction of a person adjudged as guilty in a court of law.

Pinto, 1 F.3d at 1070 (internal citations omitted). Only in extreme cases may a federal court expunge a federal conviction that has, in some manner, been invalidated. Id.

---

[1] A few statutes allow expungement of criminal records, but they have narrow applicability. See, e.g., 18 U.S.C. § 3607(c) (providing that criminal records in certain drug possession cases may be expunged); 42 U.S.C. § 14132(d) (providing that DNA records maintained by the FBI may be expunged where a conviction is overturned).

2

Defendant's requests for expungement of record are not collateral attacks on his convictions and sentences entered in this case. Nothing in the record before the Court suggests that the convictions are in any way improper or invalid. Nor has Defendant offered any reason for his request that the record be expunged. The Court concludes that it lacks authority to enter the relief requested. For that reason, Defendant's petitions for expungement shall be dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED that** Defendant's petitions for expungement of the record (Dkt. #s 68 and 70) are **dismissed for lack of authority**.

DATED THIS 8th day of January, 2009.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE

3